NOT DESIGNATED FOR PUBLICATION

No. 123,734

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DWIGHT REID,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed November 5, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.


PER CURIAM: Dwight Reid appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Reid's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Pursuant to a plea agreement with the State, Reid pled no contest to one count of criminal threat, a severity level 9 person felony, and criminal possession of a firearm by a convicted felon, a severity level 8 person felony, for crimes committed in July 2017. Reid's presentence investigation report showed his criminal history score to be A. At the sentencing hearing on March 29, 2018, the district court sentenced Reid to an aggregate

1

sentence of 27 months in prison for both counts but granted Reid his request for a dispositional departure to probation from that sentence for a period of 18 months.

While on probation, Reid subsequently pled guilty to a new offense of felony offender registration violation in case 18 CR 1930. At the probation revocation hearing, given Reid's guilty plea in the new case, the district court found Reid to be in violation of the terms and conditions of probation, revoked his probation, and ordered Reid to serve his underlying prison sentence. The district court cited Reid's commission of a new crime, the fact he was originally given a dispositional departure to probation, and his extensive criminal history as grounds for revocation.

Reid now appeals, arguing the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Reid bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. According to the law in effect at the time Reid committed his crimes, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation

without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed that Reid committed a new crime while on probation, meaning the district court had the legal authority to revoke Reid's probation. Moreover, Reid fails to persuade us why he should have been placed back on probation given his commission of a new crime while on probation. Under these facts, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Reid's probation and order that he serve his underlying prison sentence.

Affirmed.